# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re Wellbutrin SR Antitrust Litigation<br><br>(Direct Purchaser Actions) | : : : : : : | Civil Action No. 2:04-cv-5525<br><br>The Honorable Lawrence F. Stengel |
| Sheet Metal Workers Local 441 Health and Welfare Plan, et al.<br><br>vs.<br><br>GlaxoSmithKline, plc, et al.<br><br>(Indirect Purchaser Actions) | : : : : : : : : : : | Civil Action No. 2:04-cv-5898<br><br>The Honorable Lawrence F. Stengel |
| Medical Mutual of Ohio, Inc.,<br><br>vs.<br><br>GlaxoSmithKline, plc, et al. | : : : : : : : : | Civil Action No. 2:05-CV-396<br><br>The Honorable Lawrence F. Stengel |

**PLAINTIFFS' RESPONSE TO GSK'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO THE PENDING MOTION FOR SUMMARY JUDGMENT AS TO ALL CLAIMS**

The special master's report and recommendation in *In re K-Dur Antitrust Litig.,* MDL No. 1419, 2009 WL 508869 (D. N.J. Feb. 6, 2009) is not "authority" for anything, and it is distinguishable from the facts of this case.  The special master's recommendation is not authority because, under Federal Rule of Civil Procedure 53(f), a court must decide *de novo* all objections to a special master's findings of fact (absent a stipulation that the findings will be reviewed for clear error or considered final) and must decide *de novo* – in all cases – all objections to a special master's conclusions of law.  As GSK admits, the special master's report and recommendation in *K-Dur* has been objected to and is currently on appeal to the district court judge.  Moreover, even a decision from that court (the District of New Jersey) would have no precedential value in this case.

Even if it were valid and binding authority, the special master's opinion in *K-Dur* does not support GSK's position for the reasons outlined in Plaintiffs' earlier oppositions to GSK's motion for summary judgment as to all claims.  First, unlike in *K-Dur*, the facts and circumstances that were available to the parties and the court in GSK's lawsuit against Eon are in dispute, because GSK wrongfully withheld important evidence in the underlying litigation demonstrating that GSK's litigation position was baseless.[1]  Second, the special master in *K-Dur* found that the law of prosecution history estoppel was unsettled in 1995 when the *K-Dur* patent litigation was filed.  *K-Dur,* 2009 WL 508869, at *6, 29.  GSK's lawsuit against Eon was filed five years later, on the afternoon of November 29, 2000 – the same day that the

---

[1] *See* Direct Purchaser Class Plaintiffs' Memorandum In Opposition to GSK's Motion for Summary Judgment as to All Claims at 26; Medical Mutual of Ohio, Inc.'s Opposition to GlaxoSmithKline's Motion for Summary Judgment as to all Claims at 28-32.

Federal Circuit published its *en banc* decision in *Festo Corp. v. Shoketsu Kinzoku Kogyo Kapushiki Co., Ltd.,* 234 F.3d 558 (Fed. Cir. 2000). The special master in *K-Dur* offered no opinion on the state of the law following the *en banc Festo* opinion. Third, regardless of how "unsettled" the law of prosecution history estoppel might have been, it was never unsettled in any way that would have worked to GSK's advantage. GSK could not have had a realistic expectation of success on the merits under any iteration of the law of prosecution history estoppel that in fact applied or that GSK could have realistically hoped would apply upon a decision by the Supreme Court.

GSK's footnote suggesting that a lawsuit cannot be objectively baseless when the opposing sides in a dispute offer conflicting expert opinions is not the law nor is it the holding in *K-Dur* (and is perhaps why GSK only mentions it half-heartedly in a footnote). *See In re Relafen Antitrust Litig.,* 346 F. Supp. 2d 349, 354, 363 (D. Mass. 2004) (denying summary judgment in antitrust case based on sham litigation despite SmithKline citing its expert opinion in the underlying litigation). To hold as GSK suggests would permit a party to file and pursue a totally baseless lawsuit, yet escape liability for doing so simply by producing an expert report, wholly regardless of the report's merits. It would not matter even if the report were total nonsense or if the jury (as it is permitted to do) utterly disregarded the expert's testimony. An expert's opinion must pass muster. To the extent the special master believed the report in *K-Dur* had merit, such a determination is fact-specific and relevant only to

that case, which again has no precedential value – *even in the case in which it was submitted.*

Dated:  November 10, 2009     Respectfully submitted,

_____/s/_____
Dianne M. Nast
Joseph F. Roda
Jennifer S. Snyder
RODANAST, PC
801 Estelle Drive
Lancaster, Pennsylvania 17601
(717) 892-3000

*Lead Counsel for Direct Purchasers*

| | |
|---|---|
| Michael L. Roberts<br>ROBERTS LAW FIRM, PA<br>P.O. Box 241790<br>20 Rahling Circle<br>Little Rock, Arkansas 72223<br>(501) 821-5575 | Daniel E. Gustafson<br>Brian L. Williams<br>GUSTAFSON GLUEK PLLC<br>650 Northstar East,<br>608 2nd Avenue S<br>Minneapolis, MN 55402<br>(612) 333-8844 |
| Arnold Levin<br>Fredrick S. Longer<br>LEVIN, FISHBEIN, SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, Pennsylvania 19106<br>(215) 592-1500 | Linda P. Nussbaum<br>Jason A. Zweig<br>KAPLAN FOX & KILSHEIMER LLP<br>805 Third Avenue, 22nd Floor<br>New York, New York 10022<br>(212) 687-1980 |
| Benjamin Brown<br>COHEN, MILSTEIN, HAUSFELD & TOLL, PLLC<br>1100 New York Avenue, N.W.<br>Washington, DC 20005-3964<br>(202) 408-4600 | Daniel Berger<br>Eric L. Cramer<br>Peter R. Kohn<br>BERGER & MONTAGUE, P.C.<br>1622 Locust Street<br>Philadelphia, Pennsylvania 19103<br>(215) 875-3026 |

| | |
|---|---|
| Paul E. Slater<br>SPERLING & SLATER, PC<br>55 W. Monroe Street, Suite 3300<br>Chicago, Illinois 60603<br>(312) 641-3200 | Joseph M. Vanek<br>VANEK, VICKERS, & MASINI P.C.<br>111 S. Wacker, Suite 4050<br>Chicago, Illinois 60606<br>(312) 224-1500 |

*Co-Counsel for Direct Purchaser Class Plaintiffs*

Joseph H. Meltzer
BARROWAY TOPAZ KESSLER
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
(610) 667-7706

Thomas M. Sobol
HAGENS BERMAN SOBOL & SHAPIRO, LLP
One Main Street, Fourth Floor
Cambridge, Massachusetts 02142
(617) 482-3700

Michael M. Buchman
POMERANTZ HAUDEK BLOCK GROSSMAN &
GROSS LLP
100 Park Avenue
New York, New York 10017
(212) 661-1100

*Co-Counsel for Indirect Purchaser Class Plaintiffs*

Shawn J. Rabin
SUSMAN GODFREY LLP
901 Main Street, Suite 5100
Dallas, Texas 75202-3775
(214) 754-1900

Neal S. Manne
SUSMAN GODFREY LLP
1000 Louisiana, Suite 5100
Houston, Texas 77002-5096
(713) 651-9366

Mark D. Fischer
Mark M. Sandmann
RAWLINGS & ASSOCIATES
325 W. Main Street
1700 One Waterfront Plaza
P.O. Box 740027
Louisville, Kentucky  40201
(502) 587-1279

E. McCord Clayton
BAZELON LESS & FELDMAN, P.C.
1515 Market Street, Suite 700
Philadelphia, Pennsylvania  19102-1907
(215) 568-1155

*Counsel for Medical Mutual of Ohio, Inc.*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Plaintiffs' Response to GSK's Third Notice of Supplemental Authority Relevant to the Pending Motion for Summary Judgment as to all Claims was served upon all counsel of record via ECF on this 10th day of November, 2009.

       /s/_____
      Shawn J. Rabin
      Susman Godfrey LLP
      901 Main Street, Suite 5100
      Dallas, TX  75202-3775
      (214) 754-1900
      Facsimile:  (214) 754-1933